

Cullen and Dykman LLP
One Battery Park Plaza, 34th Floor
New York, NY 10004
T: 212.732.2000
F: 212.825.1531

**MICHELLE MCMAHON, ESQ.**
**PARTNER**
**DIRECT DIAL:** (212) 510-2296
**E-MAIL:** MMCMAHON@CULLENLLP.COM

December 26, 2023

**<u>Via Overnight Delivery</u>**
Honorable Judge Robert Littlefield, Jr.
United States Bankruptcy Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York,

Re:   *In re Prime Capital Ventures, LLC,* Case No. 23-11302

Dear Judge Littlefield:

My firm is counsel for Prime Capital Ventures, LLC ("<u>Prime Capital</u>") with respect to the above-captioned involuntary Chapter 7 bankruptcy case filed by the petitioning creditors on December 19, 2023. I am taking this opportunity to inform the Court and the petitioning creditors that Prime Capital intends to take the Court up on its invitation to seek reconsideration of the Order Appointing Interim Chapter 7 Trustee [Dkt. No. 13] (the "<u>Order</u>"). Prime Capital intends to shortly file a motion seeking such relief (the "<u>Reconsideration Motion</u>") and will request that the Court schedule the Reconsideration Motion as promptly as possible to minimize the resulting damage to Prime Capital as much as possible. This will also minimize any sanctions for which the petitioning creditors may be liable for the filing of the petition, which Prime Capital believes is unwarranted and was filed in bad faith.

To briefly summarize the bases for the Reconsideration Motion, Prime Capital believes that the Order should be reconsidered because it was entered without the required protection of a bond posted by the petitioning creditors as required by Fed. R. Bank P. 2001(b) and with the opportunity to respond, Prime Capital will be able to demonstrate that there is not cause to appoint a trustee. First, with respect to the bond, Fed. R. Bankr. P. 2001(b) provides that "[a]n interim trustee may not be appointed under this rule unless the movant furnishes a bond in an amount approved by the court, conditioned to indemnify the debtor for costs, attorney's fee, expenses, and damages allowable under §303(i) of the Code." The requirement that the petitioning creditors post a bond as a condition for the relief they requested was not addressed in the motion, at the hearing on December 21, 2023 or in the Order. As will be detailed in the Reconsideration Motion, the amount of this bond should be no less than $500 million, which is the value of pending transactions that have been cancelled as a result of the involuntary petition and the appointment of the interim trustee. The posting of a bond is particularly important here where Prime Capital has a



Cullen and Dykman LLP
One Battery Park Plaza, 34th Floor
New York, NY 10004
T: 212.732.2000
F: 212.825.1531

strong likelihood of obtaining dismissal of the case because two of the three Petitioning Creditors have claims that are in litigation and therefore subject to bona fide dispute. *526 Murfreesboro, LLC v. Prime Capital Ventures, LLC*, Case No. 23-cv-1239, filed on November 22, 2023 in the United States District Court for the Middle District of Tennessee; *Compass- Charlotte 1031, LLC v. Prime Capital Ventures, LLC*, Case No. 23-cv-1588, filed on December 15, 2023 in the United States District Court for the Northern District of New York. These suits assert claims well in excess of the return of the plaintiff's ICA deposits and are disputed by Prime Capital.

Second, Prime Capital can demonstrate that there is not cause to appoint an interim trustee under section 303(g). Prime Capital has advised us that all of the ICA deposit funds, which are listed on schedule 1 attached, are being held in Prime Capital's accounts and that it is assembling the evidence demonstrating this which will be in the Reconsideration Motion. A summary of these accounts and the balances are below:

| Prime Accounts | Total |
|---:|---|
| RBC- Corporate: | $7,278,000 |
| RBC- Partnership: | $52,364,000 |
| Citi Bank: | $2,00,000 |
| Farmers: | $10,000 |
| Key Bank: | $2,000,000 |
|  |  |
|  |  |
| Total: | $61,652,000 |

The petitioning creditors' assertion that the ICA funds must be held in segregated bank accounts is not supported by the language of the agreements, which do not require segregation of the funds:

> C. Within twenty-four (24) hours after the fully executed Loan Documents are received by Lender and Borrower, Borrower has agreed to pay to Lender, pursuant to Section 3.6 hereof, the aggregate amount of Fifteen Million Nine Hundred Two Thousand Two Hundred Fifty Dollars and 00/100 Dollars ($15,902,250.00) (the "ICA Payment"), by bank wire to Lender. **An account on the *books and records* of Lender shall be created to serve as an Interest Credit Account (the "Interest Credit Account" or "ICA"). A *credit equal to the ICA Payment* shall be noted in the ICA for purposes of satisfying interest payments under the Loan.**
> . . .
>
> Section 3.6. Reserves. Following the signing of this Agreement, Borrower shall remit the ICA Payment in accordance with the terms and time period set forth in Recital C. Upon the funding of the First Advance, the ICA Payment shall remain part of the Interest Credit Account and subject to the provisions of this Agreement, and not refundable to Borrower



Cullen and Dykman LLP
One Battery Park Plaza, 34th Floor
New York, NY 10004
T: 212.732.2000
F: 212.825.1531

unless otherwise specifically provided for in this Agreement. **All *credits to the Interest Credit Account* shall be used, absent the occurrence of an Event of Default, for purposes of payment on interest payable on the Advances as and when such interest payments are due and payable**. Upon Borrower's exit and payoff of the LOC, absent the occurrence of an Event of Default, if there is a remaining balance in the ICA, the excess amount shall be applied to the unpaid principal balance outstanding under the Promissory Note or, if it exceeds such unpaid principal, refunded to Borrower.

Declaration Of Thomas F. Taft, Jr. In Support of Emergency Motion Of Petitioning Creditors For Appointment Of Interim Trustee over Prime Capital Ventures, LLC [Dkt. No. 6] (emphasis added), Ex. 2, Recital C and §3.6; Declaration of Michael Collins In Support Of Emergency Motion Of Petitioning Creditors For Appointment Of Interim Trustee Over Prime Capital Ventures, LLC [Dkt. No. 5], Ex. B, Recital C and §3.6 (emphasis added). Moreover, at most there is a legal dispute as to the language of the agreements that can be addressed by the parties in the pending litigations with the petitioning creditors, not evidence of dissipation of estate assets supporting appointment of an interim trustee during the gap period. Prime Capital will also describe to the Court the nature of its operating business that includes more than 38 loan transactions in an aggregate amount of more than $1 billion. Although some of Prime Capital's relationships did not result in successful transactions, including those involving the petitioning creditors, these involve a small portion of its overall business. The Reconsideration Motion will provide evidence demonstrating that appointment of a trustee is not necessary to preserve the property of the estate or to prevent loss to the estate.

Thank you for your attention to this matter.

Respectfully,

*/s/ Michelle McMahon*

Michelle McMahon

cc:   Christian Dribusch (via email cdribusch@chd-law.com)
      Lisa Penpraze (via email Lisa.Penpraze@usdoj.gov)
      Justin Heller (via email jheller@nhkllp.com)
      Matthew Zapala (via email mzapala@nhkllp.com)
      Esser, Will (via email willesser@parkerpoe.com)



Cullen and Dykman LLP
One Battery Park Plaza, 34th Floor
New York, NY 10004
T: 212.732.2000
F: 212.825.1531

## Schedule 1

| Client Name | ICA Payment | Loan Advances | ICA Net Balance |
|---|---|---|---|
| Redated | $4,000,000 | $19,500,000 | $0 |
| Redated | $1,400,000 | $6,850,000 | $0 |
| Redated | $2,100,000 | $3,400,000 | $0 |
| Redated | $2,400,000 | $1,890,000 | $510,000 |
| Redated | $440,000 | $450,000 | $0 |
| Redated | $1,575,000 | $457,000 | $1,118,000 |
| Redated | $1,000,000 | $1,600,000 | $0 |
| Redated | $4,200,000 | $3,094,000 | $0 |
| Redated | $5,250,000 | $0 | $5,250,000 |
| Redated | $2,000,000 | $3,094,000 | ($594,000) |
| Redated | $3,000,000 | $5,250,000 | $0 |
| Redated | $45,000,000 | $0 | $15,000,000 |
| Compass | $15,902,250 | $0 | $15,902,250 |
| Newlight | $2,500,000 | $0 | $2,500,000 |
| Murfreesboro | $4,312,500 | $0 | $4,312,500 |
| Redated | $4,300,000 | $0 | $4,300,000 |
| Redated | $20,000,000 | $17,000,000 | $3,000,000 |
|  |  | **Total:** | **$51,298,750** |