UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:

PRIME CAPITAL VENTURES, LLC

*Debtor.*

Chapter 7

Case No. 23-11302

-------------------------------------------------------------X

**TRUSTEE'S MOTION FOR AUTHORITY TO BE
RETAINED AS TRUSTEE'S GENERAL COUNSEL**

TO:   Honorable Robert E. Littlefield, Jr., United States Bankruptcy Court Judge

Christian H. Dribusch, as the chapter 7 trustee in the above-captioned bankruptcy proceeding (the "*Trustee*") for the estate of Prime Capital Ventures, LLC ("*Estate*") moves pursuant to §327(a) and (d) of Title 11 of the United States Code ("*Bankruptcy Code*"), to retain The Dribusch Law Firm (the "*Firm*") as attorney for the Trustee (the "*Motion*").

In support of the Motion, the Trustee respectfully represents as follows:

**Parties, Jurisdiction and Venue**

1.     In accordance with an Order issued by the United States Bankruptcy Court, the Trustee has been appointed by the Office of the United State Trustee.

2.     This Motion made pursuant to Bankruptcy Code §327(a) and (d)[1], is a core proceeding under 28 U.S.C. §157(b)(2)(A) because it relates to matters concerning the administration of the Estate. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334.

3.     Venue is proper by 28 U.S.C. §1409(a), as the proceeding arises and relates to a case under the Bankruptcy Code pending before this District.

---

[1] 11 U.S.C. 327(d) provides: "The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate."

## Motion and Basis Therefore

4. The Trustee seeks an order of this Court authorizing the Trustee to retain the Firm upon the terms and conditions as hereinafter set forth.

5. It is necessary for the Trustee to employ the Firm relating to the administration of the Estate for the following reasons:

    a. To examine the nature, extent and validity of liens that may attach to the property of the Estate.

    b. To advise and consult with the Trustee concerning the Trustee's rights and remedies regarding Estate assets and claims of secured, priority and unsecured creditors and other parties in interest.

    c. To appear for, prosecute, defend, and represent the Trustee's interests in suits arising in or related to this bankruptcy case.

    d. *To retain professionals to assist the Trustee in case administration.*

    e. To investigate and prosecute preference and other actions arising under the Trustee's avoiding powers under Chapter 5 of the Bankruptcy Code.

    f. To assist in the preparation of such pleadings, motion, and related notices and orders as are required for this case.

    g. To assist the Trustee in the identification and location of assets that may be available for liquidation.

    h. To assist the Trustee in the sale of assets of the Estate.

6. The Trustee has selected the Firm to represent Chapter case because of the Firm's familiarity with the issues to be presented in the Chapter 7 proceedings and the Firm's experience in matters of this character and complexity.

7. The Trustee requests that the Firm be appointed effective as of December 22, 2023.

8. The Firm's connection with the debtor, debtor's scheduled creditors, any party-in-interest, their attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, are to the Trustee's knowledge as follows:  Trustee is a

Member of the Firm and serves on the United States Trustee's private panel of Chapter 7 Trustees and as Chapter 12 Case Trustee in Region 2.

9. To the Trustee's knowledge, the Firm represents no interest adverse to the Estate in matters in which it is to be engaged.

10. To the Trustee's knowledge, the Firm is a "disinterested person" as that term is defined in Bankruptcy Code §101(14).

11. To the Trustee's knowledge, the Firm has entered into no agreement which would be prohibited under 18 U.S.C. §155 or otherwise prohibited by law.

12. To the Trustee's knowledge, neither the Firm nor any member or associate thereof is so connected with any bankruptcy judge in the Northern District of New York, or the United States Trustee or any person employed in the Office of the United States Trustee, to render the Firm as counsel for the Trustee inappropriate under Federal Rule of Bankruptcy Procedure 5002(b).

13. The terms of the employment of the Firm agreed to, subject to the approval of the Court, provide that the Firm shall undertake this representation at its standard hourly rates set forth for matters of similar character and complexity, together with reimbursement for costs and expenses. The Firm has informed the Trustee that its current hourly rates, subject to periodic adjustment, are as follows:

    a. Partner      $375.00-$475.00.
    b. Associate      $200.00-$275.00; and
    c. Paralegal      $125.00.

14. The hourly rates and the attorneys assigned to this matter are subject to periodic change or adjustment to reflect economic conditions and other commitments to the Firm.

15. For the previously mentioned reasons, the Trustee submits that the Firm's employment would be in the best interests of the Estate and the Trustee in this matter.

WHEREFORE, the Trustee requests the entry of an Order authorizing the employment of The Dribusch Law Firm as attorneys for the Trustee and for such other and further relief as this Court may deem just and proper.

Dated: December 27, 2023
Albany, New York

*/s/ Christian H. Dribusch*
**Christian H. Dribusch**
cdribusch@chd-law.com

Christian H. Dribusch, Esq.
The Dribusch Law Firm
187 Wolf Road
Albany, New York 12205
[T] 518.227.0026

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re:

  PRIME CAPITAL VENTURES, LLC

                  *Debtor*.

Chapter 7

Case No. 23-11302

---------------------------------------------------------------X

## AFFIRMATION OF PROPOSED ATTORNEY

Christian H. Dribusch, Esq., hereby certifies as follows:

    I am an attorney for the Dribusch Law Firm (the "*Firm*") which maintains its primary offices at 187 Wolf Road, Albany, New York. I submit this affirmation in support of the application for an order authorizing me as Trustee to retain the Firm as my counsel. I have reviewed the Firm's database in conjunction with the preparation of this affirmation.

    The Firm's connection with the debtor, debtor's scheduled creditors, any party-in-interest, their attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, are to the Firm's knowledge as follows: Trustee is a Member of the Firm and serves on the United States Trustee's private panel of Chapter 7 Trustees and Chapter 12 case Trustees in Region 2.

    Neither the Firm, nor any member or associate thereof, as far as I have been able to ascertain, represents any interest adverse to that of the bankrupt estate or the Trustee.

Neither the Firm, nor any member or associate thereof, has entered into any sharing arrangement and/or fee splitting agreements.

The Firm understands that any fees paid and/or reimbursement of expenses are subject to Bankruptcy Court approval based upon application to the Bankruptcy Court.

Based upon the foregoing, I believe the Firm is a "disinterested person" as that term is defined in Bankruptcy Code §101(14).

The Firm does not hold nor represent an interest adverse to the Debtor within the meaning of Bankruptcy Code §327(a).

Dated:  December 27, 2023

*/s/ Christian H. Dribusch*
Christian H. Dribusch, Esq.
cdribusch@chd-law.com

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

PRIME CAPITAL VENTURES, LLC

*Debtor*.

Chapter 7

Case No. 23-11302

-----------------------------------------------------------------X

## ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO RETAIN COUNSEL

Upon the application of Christian H. Dribusch, as the Chapter 7 Trustee (the "*Trustee*"), for the above bankruptcy estate (the "*Estate*") to employ The Dribusch Law Firm (the "*Firm*") as Trustee attorney, notice having been given to the appropriate parties in interest, and it appearing to the Court that: (a) the Firm includes attorneys duly admitted to practice in this Court, (b) the Firm holds or represents no interest adverse to the Trustee or the Estate, (c) the Firm is "disinterested" within the meaning of §101 of Title 11 of the United States Code, (d) the employment and retention of the Firm is necessary and is in the best interest of the Estate, (e) the case appearing to be one justifying retention of the Firm, and (f) no hearing being required by either § 327 of Title 11 of the United States Code or by Federal Bankruptcy Procedure Rule 2014,

**NOW, THEREFORE**, it is hereby:

**ORDERED** that pursuant to §327(a) and (d) of Title 11 of the United States Code, the Chapter 7 Trustee is authorized and empowered to the Firm as attorney for the Chapter 7 Trustee.

**ORDERED** that ten business days prior to any increases in the Firm's rates, the Firm shall file a supplemental affirmation with the Court setting forth the basis for the rate increase.

**ORDERED** that parties in interest, including the United States Trustee, shall retain all rights to object to or otherwise respond to any rate increase including, but not limited to, the reasonableness of the rates pursuant to § 330 of Title 11 of the United States Code.

**ORDERED** that any payments to the Firm shall be made only after application to the Court and subject to the approval of the Bankruptcy Court.

**ORDERED** the Firm shall not be compensated for non-transferable duties of the Chapter 7 Trustee as set forth under § 704 of Title 11 of the United States Code.

####