

80 STATE STREET, 11TH FLOOR
ALBANY, NY 12207

TELEPHONE (518) 449-3300
FACSIMILE (518) 432-3123

www.nhkllp.com

JUSTIN A. HELLER, ESQ.
Direct Dial: (518) 432-3118
Email:  jheller@nhkllp.com

December 28, 2023

**VIA ECF**

Hon. Robert E. Littlefield, Jr.
United States Bankruptcy Court NDNY
James T. Foley Courthouse
445 Broadway, Suite 330
Albany, New York 12207

      Re:    **Prime Capital Ventures, LLC**
                  **Case No. 23-11302**

Dear Judge Littlefield:

      I am writing to provide further clarification on the Petitioning Creditors' request for relief under Bankruptcy Code § 303(f) made as part of the Emergency Motion (ECF No. 4).

      That relief was only sought as part of a "belt and suspenders" approach to prohibit the Debtor's current management from dissipating any of the Debtor's assets during the very brief period of time between the entry of an order granting the Emergency Motion and the United States Trustee's appointment of an interim Trustee. The Petitioning Creditors' position is that as of Mr. Dribusch's appointment on the morning of Friday, December 22, 2023, the request for relief under § 303(f) became moot.

      While § 303(f) is the general rule that applies in all involuntary Chapter 7 cases during the "gap period", § 303(g) provides that the Court "may order the United States trustee to appoint an interim trustee under section 701 of this title [11 USCS § 701] ***to take possession of the property of the estate and to operate any business of the debtor***." Section 303(g) further states that "the debtor may ***regain*** possession" from a Trustee upon posting of an appropriate bond. "Based on the plain language of the statute, it is clear that Mr. Dribusch's appointment as Trustee completely divests the Debtor's management of possession of the Debtor's assets and control of its operations. *See In re Stainless Sales Corp.*, 583 B.R. 717, 730 (Bankr. N.D.Ill. 2018) ("Absent the appointment of an interim trustee, see 11 U.S.C. § 303(g)**,** a debtor in an involuntary case acts without many of the duties and limitations applicable in voluntary cases. See, e.g., 11 U.S.C. § 303(f)."); *In re Ross*, 64 B.R. 829, 832 (Bankr. SDNY 1986) (explaining that a trustee appointed under Section 303(g) "would have as a first and foremost duty undertaken to exercise control over the [Debtor]").

Finally, the Court's Order granting the Emergency Motion is similarly clear that Mr. Dribusch's was appointed as a Trustee under Section 303(g), and not in any lesser capacity. Among other things, the Court's Order provides that the Trustee "is empowered to secure all of Prime Capital Ventures, LLC's assets and to take such acts as are necessary to collect and preserve those assets, including demanding the turnover of all of Prime Capital Ventures, LLC's assets, including without limitation Prime Capital Ventures, LLC's bank accounts, books, and records (including all electronic records of Prime Capital Ventures, LLC)." Further, the Court directed "that any person in possession of the Debtor's property and records (including, without limitation, Prime Commercial Lending, LLC, Kris Roglieri, and Kimberly "Kimmy" Humphrey) shall immediately turnover such property and records to the Interim Trustee."

For all of the foregoing reasons, the operations of the Debtor, to the extent that any are to continue, are within the sole discretion of the Trustee.

Thank you for the Court's consideration.

Very truly yours,

NOLAN HELLER KAUFFMAN LLP

Justin A. Heller