

# Dribusch Law Firm

January 3, 2024

*Via email and ECF*

| | |
|---|---|
| Prime Capital Ventures, LLC | Hogan Lovells US LLP |
| 66 South Pearl Street | 390 Madison Avenue |
| Albany, NY 12207 | New York, NY 10017 |

Re:   Bankruptcy Proceeding of alleged Debtor Prime Capital Ventures, LLC

Mr. Van Tol and Mr. Roglieri:

    I reiterate the position articulated in my letter to the Court (ECF #), the position I articulated with the Court on December 26 and December 28, 2023, and January 2, 2024, and my email of January 1, 2024.  Nothing pertaining to any communication should be interpreted as a change of my position.

    The caselaw, including the United States Supreme Court decision in *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343 (1985), vests management authority of the alleged debtor with the interim trustee.

    The Bankruptcy Code section 303(g) authorizes the Bankruptcy Court "order the appointment of a trustee under section 701 of this title to take possession of the property of the estate and to operate any business of the debtor."    Bankruptcy Code 701(c) provides "An interim trustee serving under this section is a trustee in a case under this title."   Bankruptcy Code 721 provides that "The Court may authorize *the trustee* to operate the business of the debtor,..."(emphasis added). The Bankruptcy Code makes no distinction between a voluntary and involuntary case.

Prime Capital Ventures, LLC
Hogan Lovells US LLP
January 3, 2024
Page -2-

The United States Supreme Court in *Weintraub* has explained:

> [T]he Bankruptcy Code gives the trustee wide-ranging management authority over the debtor. *See* 2 Collier on Bankruptcy 11323.01 (15th ed.1985). In contrast, the powers of the debtor's directors are severely limited. Their role is to turn over the corporation's property to the trustee and to provide certain information to the trustee and to the creditors. §§ 521, 343. Congress contemplated that, when a trustee is appointed, he assumes control of the business, and the debtor's directors are "completely ousted." *See* H.R.Rep. No. 95-595, pp. 220-221 (1977). [Footnote 6] In light of the Code's allocation of responsibilities, it is clear that the trustee plays the role most closely analogous to that of a solvent corporation's management.
>
> Footnote 6: While this reference is to the role of a trustee in reorganization, nothing in the Code or its legislative history suggests that the debtor's directors enjoy substantially greater powers in liquidation.

In addition to citing the direction issued by the Executive Office of the United States Trustee, I have also repeatedly cited *C.W. Mining Company*, 636 F.3d 1257 (4th Cir., 2011) as additional support for the position that an interim trustee is vested with management control. C.W. correctly concludes that there is no distinction between an involuntary or voluntary case as it pertains to the authority under an appointment of an interim trustee ("Seeking to distinguish *Weintraub*, C.W. contends its "complete ouster" rule should not apply in involuntary bankruptcies. But such a distinction finds no support in bankruptcy law.") Id. at 1265.

So that the record in this case is clear, I do not consent to the post interim trustee appointment substitution of counsel for the alleged debtor. I do not consent to your firm acting as counsel to the alleged debtor. I do not consent to the "completely ousted" debtor management engaging in any conduct outside the scope of Bankruptcy Code 521, 342, and the Bankruptcy Court's Order. Accordingly, both your firm and the alleged debtor management are now aware that whatever action is allegedly undertaken on behalf of the alleged debtor without my written consent is being done *ultra vires*.

Let me know if you have any questions.

Very truly yours,

*/s/ Christian H. Dribusch*

Christian H. Dribusch
Chapter 7 Trustee