

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

January 3, 2024

**Via E-Mail and ECF**

Honorable Robert E. Littlefield, Jr.
United States Bankruptcy Court
Northern District of New York
445 Broadway, Suite 330
Albany, NY 12207

Re:    *In re Prime Capital Ventures, LLC, Alleged Debtor, 23-11302*

Dear Judge Littlefield:

We write in response to today's letter (the "Letter") from counsel for the Petitioning Creditors regarding a delay of the evidentiary hearing in this case.

The Letter represents a complete reversal from the Petitioning Creditors' position yesterday. In court, the Petitioning Creditors urged Your Honor to set an immediate evidentiary hearing on whether the case should proceed. Indeed, before settling on a choice between this Friday and next Monday, counsel for the Petitioning Creditors urged the Court to set a hearing for tomorrow. Both Prime Capital and we, as counsel for Prime Capital, have been preparing diligently for a Friday or Monday evidentiary hearing. Before counsel informed us earlier today that a Friday hearing was not feasible, Mr. Roglieri adjusted his international travel plans so he would be in Albany before Friday. None of the reasons that the Letter identifies for the Petitioning Creditors' new request were unknown yesterday and they should have been raised much earlier.

Moreover, the arguments presented in the Letter do not support the Petitioning Creditors' request, for several reasons:

*First*, the Petitioning Creditors argue that the Alleged Debtor should first answer or move in response to the Petition because they are unaware of the scope of disputed issues. (Letter, 1.) That is not the case. Former counsel for the Alleged Debtor referred to the threshold eligibility issue in her December 26, 2023 letter to the Court. (*See* ECF #16, 2-3.) At yesterday's hearings, the undersigned raised the same dispositive issue and noted that there are relevant facts in dispute, such as why two of the Petitioning Creditors filed lawsuits seeking damages well in excess of the ICA payment amounts and then dropped lawsuits against Prime Capital after they filed the Petition. These facts relate to whether there is a bona fide dispute and whether the Petitioning Creditors brought the Petition in bad faith. In short, the Petitioning Creditors know exactly what the issues are and they also know what they must show to satisfy the requirements

Page 2                                                                                                  January 3, 2024

of Section 303 of the Bankruptcy Code. The whole purpose of the evidentiary hearing is to allow the Court to hear the relevant facts and then apply them to the law.[1]

*Second*, the Petitioning Creditors now, for the first time, assert the need for discovery. The relevant factual issues that they identify are ones that will be developed at the evidentiary hearing. The other proposed discovery (including internal discussions at Prime Capital on ICA refunds and the Alleged Debtor's financial information) has nothing to do with whether or not the Petitioning Creditors were eligible to bring the Petition. And, to the extent such issues are relevant, the Petitioning Creditors should explore them at the evidentiary hearing. In any event, the Petitioning Creditors should have made any requests for discovery far earlier.

*Third*, the question about whether the interim trustee's consent is necessary for the appointment of this firm is both a red herring and a thinly disguised tactic aimed at hampering Prime Capital's defense. The specifics on this issue are discussed in a separate letter that we will file later today.

*Fourth*, the Petitioning Creditors' complaints about logistics and the travel difficulties of one creditor should be rejected. The Petitioning Creditors chose this forum and, through their counsel, they asked the Court to expedite the schedule for deciding the case. The Petitioners cannot complain about the very timing that they urged the Court to adopt. As noted above, Mr. Roglieri is returning early from an international trip; under the circumstances, it is not too much to ask the Petitioning Creditors to appear on Monday.

Finally, the unwarranted delay sought by the Petitioning Creditors will result in harm to the creditors that have transactions in process and to Prime Capital. Such creditors have an interest in an expedited schedule because then they will know soon whether the Chapter 7 proceeding will continue to affect their deals. By the same token, Prime Capital has already suffered damages due to the bad-faith filing of the Petition and it will suffer additional harm if the Court accepts the Petitioning Creditors' request. As a result of that harm, Prime Capital will renew its request at tomorrow's conference for the posting of a bond by the Petitioning Creditors to cover Prime Capital's costs <u>and</u> damages.

Accordingly, Prime Capital respectfully requests that the Court move forward with an evidentiary hearing on Monday, January 8.

Regards,

*/s/ Pieter Van Tol*

Pieter Van Tol
Partner
pieter.vantol@hoganlovells.com
D 1 212 909 0661

---

[1] Along those lines, Prime Capital respectfully proposes that the Court allow the parties to make post-hearing submissions immediately after next Monday in an effort to assist the Court's decision-making.