**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PRIME CAPITAL VENTURES, LLC,<br><br>　　　　　　　　Alleged Debtor. | Invol. Chapter 7<br><br>Case No. 23-11302 (REL) |

### ALLEGED DEBTOR'S ANSWER TO INVOLUNTARY PETITION

Pursuant to Rule 1011 of the Federal Rules of Bankruptcy Procedure and Rule 12(b) of the Federal Rules of Procedure (incorporated through Fed. R. Bankr. P. 1011(b)), Prime Capital Ventures, LLC ("Prime Capital"), the Alleged Debtor, by its undersigned attorneys, hereby answers the Involuntary Petition (the "Petition") filed by Petitioning Creditors Compass-Charlotte 1031, LLC ("Compass"), 526 Murfreesboro, LLC ("526 Murfreesboro"), and Newlight Technologies, Inc. (each individually, a "Petitioner," and collectively, the "Petitioners"), in the above action as follows:[1]

　　　　1.　　Prime Capital admits that the Petitioners purport to file the Petition under Chapter 7 of the United States Bankruptcy Code, but avers that the Petition does not meet the requirements of 11 U.S.C. § 303 and that it was wrongfully filed in bad faith.

　　　　2.　　Prime Capital admits the allegations in Paragraph 2 of the Petition.

　　　　3.　　Paragraph 3 of the Petition contains no allegations and, accordingly, no response is required.

---

[1] The Petitioners filed documents in support of their emergency motion for the appointment of interim trustee (*see* ECF #4, 5 and 6), but those submissions are not allegations in the Petition and, accordingly, Prime Capital is not required to respond to them in this Answer. To the extent a response is required, the statements and allegations in the foregoing documents—most of which are false and/or irrelevant—are generally denied.

1

4. Paragraph 4 of the Petition alleges that Prime Capital's federal Employer Identification Number ("EIN") is "unknown." That allegation requires no response, but Prime Capital avers that its EIN is 87-4340258.

5. Prime Capital admits the allegations in Paragraph 5 of the Petition.

6. Prime Capital denies the allegation in Paragraph 6 of the Petition.

7. Prime Capital admits the allegations in Paragraph 7 of the Petition.

8. Prime Capital admits the allegations in Paragraph 8 of the Petition.

9. Prime Capital admits the allegations in Paragraph 9 of the Petition.

10. Prime Capital admits the allegations in Paragraph 10 of the Petition.

11. Prime Capital denies the allegations in Paragraph 11 of the Petition, and avers that (a) Prime Capital is not subject to an involuntary case under 11 U.S.C. § 303(a); (b) each Petitioner is not eligible to file the Petition under 11 U.S.C. § 303(b); and (c) at the time of the Petition, Prime Capital was generally paying its debts as they became due except those that were subject to a bona fide dispute as to liability or amount.

12. Prime Capital has insufficient knowledge to admit or deny the allegations in Paragraph 12 of the Petition. Therefore, those allegations are denied pursuant to Fed. R. Civ. P. 8(b)(5).

13. Prime Capital denies the allegations in Paragraph 13 and, as to Compass and 526 Murfreesboro, it avers that at the time of the Petition's filing those two petitioners had lawsuits pending against Prime Capital for amounts well in excess of the amount of claims listed in the Petition.

14. Part 4 of the Petition contains only a request for relief and, therefore, no response is required. To the extent that a response is required, Prime Capital denies the allegations in Part

4 and avers that the Petitioners do not have a good-faith basis for bringing the Petition. Prime Capital further avers that the Petition is deficient because the Petitioners, which are corporations, did not attach a corporate ownership statement pursuant to Bankruptcy Rule 1010(b).

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The Petition should be dismissed pursuant to 11 U.S.C. § 303(b)(1) because the Petition was not brought by three or more entities, <u>each</u> of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount. At least two the Petitioning Creditors, Compass and 526 Murfreesboro, are the plaintiffs in actions against Prime Capital that were pending at the time of the Petition. In those actions, Compass and 526 Murfreesboro sought amounts that are well in excess of the claim amounts listed in the Petition; Prime Capital disputes those amounts and it has other objections and defenses to their claims.

#### Second Affirmative Defense

At the time of the Petition, Prime Capital was generally paying its debts as they became due except those that were subject to a bona fide dispute as to liability or amount.[2]

### RESERVATION OF RIGHTS

Prime Capital reserves the right to move to dismiss the Petition, pursuant to Fed. R. Bank. P. 1011 and Fed. R. Civ. P. 12(c), to seek the imposition of costs, attorneys' fees, damages caused by the filing of the Petition, and/or punitive damages against the Petitioners and to assert any other claim or defense available to it.

---

[2] Prime Capital's First Affirmative Defense presents a threshold eligibility requirement that must be satisfied by the Petitioners before the Second Affirmative Defense can be adjudicated at trial. *See* 11 U.S.C. § 303(h)(1).

WHEREFORE, Prime Capital respectfully requests that the Court (1) dismiss the Petition with prejudice; (2) thereafter award Prime Capital its costs, its reasonable attorneys' fees, the damages proximately caused by the filing of the Petition, and/or punitive damages, pursuant to 11 U.S.C. § 303(i) and in an amount to be determined at trial (or before); and (3) enter any other relief or order as the Court deems just.

Dated:  January 5, 2024
       New York, New York      **HOGAN LOVELLS US LLP**

<u>*/s/ Pieter Van Tol*</u>

Pieter Van Tol (Bar Roll # 508405)
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email: pieter.vantol@hoganlovells.com

*Counsel to Alleged Debtor Prime Capital Ventures, LLC*