UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

PRIME CAPITAL VENTURES, LLC,

Debtor.

Chapter 7
Case No. 23-11302

**APPLICATION TO SHORTEN TIME PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(c) FOR NOTICE OF HEARING FOR MOTION OF PETITIONING CREDITORS TO DISMISS BANKRUPTCY CASE**

**Compass-Charlotte 1031, LLC ("Compass"), 526 Murfreesboro, LLC ("526 Murfreesboro") and Newlight Technologies, Inc.** (collectively, "**Petitioning Creditors**"), by and through their attorneys, Nolan Heller Kauffman LLP, hereby apply to the Court for an Order pursuant to F.R.B.P. 9006(c) shortening the time for notice of a hearing (the "**Application**") on the *Motion of the Petitioning Creditors to Dismiss Bankruptcy Case* (the "**Motion**").

## BACKGROUND

1. On December 19, 2023, the Petitioning Creditors commenced this case by filing an Involuntary Petition for Prime Capital Ventures, LLC ("**Prime**" or the "**Debtor**") in an effort to preserve Prime's assets for the benefit of its creditors. Unfortunately, despite the best efforts of the Petitioning Creditors and the prompt appointment of an Interim Chapter 7 Trustee, it has become clear, particularly at the hearing on January 5, 2024, that Prime is nothing more than a shell of a company with only nominal assets and liabilities exceeding $50,000,000. Moreover, it has become clear that the most significant assets of the Debtor are in the possession of parties not before the Court.

## JURISDICTION

2. The Court has jurisdiction over the within Application pursuant to 28 U.S.C. §§157(b) and 1334.

3. Venue is proper before the Court pursuant to 28 U.S.C. § 1408.

4. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

## RELIEF REQUESTED

5. For the reasons more fully set forth in the Motion, the Petitioning Creditors now move to dismiss this bankruptcy case because administration of Prime's estate in bankruptcy is likely to provide little to no benefit to the Petitioning, and other, Creditors who hold claims in the tens of millions of dollars against Prime.

6. Local Bankruptcy Rule 9013-1(e) would ordinarily require the Petitioning Creditors to provide at least twenty-one (21) days' notice of the hearing on the Motion.

7. Since the filing of this case, the Debtor, and its principal Kris Roglieri, have done everything possible to conceal from the Interim Trustee, the Petitioning Creditors, and the Court basic and critical information concerning its finances, including flagrant disregard of the order appointing the Interim Trustee, providing to the Interim Trustee, the Court and creditors a fraudulent schedule showing bank account balances in excess of $60 Million, and lying directly to the Court about its assets. After independent investigation by the Interim Trustee, it has been brought to light that the Debtor only has a few hundred thousand dollars of cash. The Debtor now concedes that the creditors' ICA deposits were transferred to Berone Capital Fund, L.P., but that it has been unable to verify the status of those funds, and Berone Capital Fund, L.P. has failed to respond to inquiries from the Interim Trustee and a Court Order compelling Berone's cooperation.

8. As a result, and as explained in greater detail in the Motion, the Petitioning Creditors have concluded that this case is unlikely to produce any meaningful recovery of their deposits, and that they must pursue recovery in a forum in which more complete relief is

available. Accordingly, the Petitioning Creditors seek the very prompt dismissal of this case so that they can pursue recovery elsewhere.

9. For all of these reasons, the Petitioning Creditors submit that cause exists to substantially shorten notice on this Motion such that it is heard **on or before Tuesday, January 9, 2024**, when the Court will already be holding a hearing on its own initiative.

10. Based on the Debtor's pattern of deception and the fact that the creditors' deposits have already been transferred to third parties, dismissal of this bankruptcy proceeding is essential for all of the creditors in order obtain any meaningful recovery on their deposits.

**WHEREFORE**, the Petitioning Creditors respectfully request that this Court enter an Order shortening time pursuant to F.R.B.P. 9006(c) for notice of the hearing on the *Motion of the Petitioning Creditors to Dismiss Bankruptcy Case* and set a hearing on the Motion for **January 9, 2024 at 10:00 a.m.** or on such other date that the Court deems proper, and granting such other and further relief as may be deemed just, necessary and proper.

Dated: January 8, 2024
      Albany, New York

**NOLAN HELLER KAUFFMAN LLP**

/s/ Justin A. Heller
Justin A. Heller, Esq.
Matthew M. Zapala, Esq.
*Attorneys for Petitioning Creditors*
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300