**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PRIME CAPITAL VENTURES, LLC,<br><br>Alleged Debtor. | Invol. Chapter 7<br><br>Case No. 23-11302 (REL) |

### ALLEGED DEBTOR'S RESPONSE TO PETITIONING CREDITORS' MOTION TO DISMISS BANKRUPTCY CASE

Alleged Debtor Prime Capital Ventures, LLC ("Prime Capital"), by its undersigned counsel, respectfully files this response to the motion (the "Motion") by the Petitioning Creditors (the "Petitioners") to dismiss the petition (the "Petition") that they wrongfully filed in this case.

1. The Motion, like the Petition, is rife with inaccuracies. However, rather than taking up the Court's time with a detailed, point-by-point refutation of the numerous misstatements by the Petitioners, Prime Capital will state for now that it disagrees with the conclusory and false allegations in the Motion. Indeed, the fact that the Petitioning Creditors are casting about for excuses and cannot simply own up to the facial deficiencies in the unsupported Petition is further evidence of their bad faith in bringing this case.

2. For the reasons stated in the motion for a bond that Prime Capital filed today <u>before</u> the Petitioners asked to dismiss the case, Prime Capital will be seeking an award of costs, attorneys' fees and damages (including punitive damages) against the Petitioners as a result of the bad-faith filing. Prime Capital also reserves the right to seek appropriate sanctions under Fed. R. Bankr. P. 9011 and any other applicable statutes or rules.

1

3. With regard to the relief sought in the Motion, Prime Capital respectfully submits that the dismissal should be on a <u>with</u> prejudice basis. There is no reason for this case to be filed again, especially in light of the substantial harm that the Petitioners have already caused.

4. In sum, while Prime Capital does not object to the dismissal of the case—which is the relief that it sought in the motion for judgment on the pleadings filed earlier today <u>before</u> the Petitioners filed the Motion—it urges the Court to enter an order of dismissal with prejudice. For the avoidance of doubt, Prime Capital does not "consent" to dismissal within the meaning of 11 U.S.C. § 303(i), nor does it waive its right to a judgment pursuant to Section 303(i). Instead, and as noted above, Prime Capital will be making an application to the Court for its costs, reasonable attorneys' fees and damages (including punitive damages) against the Petitioners as well as any other relief permitted under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

5. Finally, Prime Capital respectfully requests that the Court grant its pending application for the posting of the long-overdue bond. Through the motion filed today, the Court now has before it an ample evidentiary basis for a finding of bad faith against the Petitioners, and Prime Capital is entitled to a bond under Section 303(e) of the Bankruptcy Code and Fed. R. Bankr. P. 2001(b) to secure any future judgment pursuant to Section 303(i).

Dated: January 8, 2024

    Respectfully submitted,

    HOGAN LOVELLS US LLP

    By: */s/ Pieter Van Tol*

    Pieter Van Tol (Bar Roll # 508405)
    Christopher Bryant (*pro hac vice* motion pending)
    Katherine Lynn (*pro hac vice* motion pending)
    390 Madison Avenue
    New York, NY  10017
    Tel: (212) 918-3000
    Fax: (212) 918-3100
    pieter.vantol@hoganlovells.com
    chris.bryant@hoganlovells.com
    katherine.lynn@hoganlovells.com

    and

    Kevin Carey (*pro hac vice* motion forthcoming)
    1735 Market St., Floor 23
    Philadelphia, PA 19103
    Tel: (267) 675 4600
    Fax: (267) 675 4601
    kevin.carey@hoganlovells.com

    *Attorneys for Alleged Debtor*