# Lemery Greisler LLC

Attorneys at Law

<u>Paul A. Levine, Member</u>

plevine@lemerygreisler.com
(518) 433-8800 ext. 313

January 31, 2024

<u>**VIA ECF**</u>

Hon. Robert E. Littlefield, Jr.
U.S. Bankruptcy Court Judge
U.S. Bankruptcy Court
Northern District of New York
445 Broadway
Albany, New York 12207

      **Re:**    **Prime Capital Ventures, LLC**
              **Case No. 23-11302/Chapter 7**

              **Compass-Charlotte 1031, LLC, v. Prime Capital Ventures, LLC, Berone Capital Fund, LP, Berone Capital Partner, LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP, 405 Motorsports LLC f/k/a Berone Capital Equity Partners, LLC**
              **Case No. 24-00055**

Dear Judge Littlefield:

      With respect to Prime Venture Capital LLC ("Prime") I am now the permanent receiver as ordered by Judge D'Agostino's January 24, 2024 Memorandum Decision and Order. I have attached a copy for the Court's convenience. I request a Code §105 conference to discuss the following matters.

      Before the Court is Prime's motion to require the posting of a bond (Doc. 69). The Court also reserved jurisdiction over any claim under Code §303(i) for costs, attorneys' fees and damages, including punitive damages; as well as other matters set forth in the dismissal order at Doc. 87.

677 Broadway, 8th Floor
Albany, NY 12207
518.433.8800

www.LemeryGreisler.com

      In the District Court there is a motion pending to disqualify Hogan Lovells as counsel for Prime which, if granted, would of course impact this case. Also pending in District Court is Prime's motion for a stay pending appeal of the order appointing a receiver.

      Until the motions pending in District Court are decided, and any subsequently filed appeal to the 2nd Circuit is resolved, the parties do not know who will be representing Prime and whether I will continue to have authority as Receiver as I presently do and am able to deal with Prime's claims in the case before Your Honor.

      As I result, it is my suggestion that all pending matters be adjourned to the farthest date out on the Court's current motion calendar for a status conference. This would save expense for all parties and would relieve the Court from having to conference the case when the parties are unable to proceed in any meaningful fashion.

      Thank you for the Court's kind attention.

      Very truly yours,

      LEMERY GREISLER LLC

      Paul A. Levine

PAL:ph
cc:    All parties appearing via ECF
       Will Esser, Esq.

677 Broadway, 8th Floor
Albany, NY 12207
518.433.8800

www.LemeryGreisler.com