

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

January 31, 2024

**<u>Via ECF</u>**

Honorable Robert E. Littlefield, Jr.
United States Bankruptcy Court
Northern District of New York
445 Broadway, Suite 330
Albany, NY 12207

Re:    *In re Prime Capital Ventures, LLC, Alleged Debtor, 23-11302*

Dear Judge Littlefield:

On behalf of Alleged Debtor Prime Capital Ventures, LLC ("<u>Prime Capital</u>"), we write in response to the letter today from the Receiver seeking further delay of the above proceedings.

As an initial matter, the Receiver does not have standing to direct or control the legal claims of Prime Capital.  You will see from the January 24, 2024 Order (the "<u>January 24 Order</u>") that it carefully delineates and limits the Receiver's "powers and duties."  They notably do not include the control of legal claims on Prime Capital's behalf.  (*See* Jan. 24 Order, 19-20.)  As the Court pointed out in the January 24 Order, "[a] receiver's 'authority is wholly determined by the order of the appointing court.'" (*Id.*, 18 (quoting *Citibank, N.A. v. Hyland (CF8) Ltd.*, 839 F.2d 93, 98 (2d Cir. 1988) (internal citation omitted).)  Thus, the Receiver cannot speak on Prime Capital's behalf with respect to the matters pending before Your Honor, and Prime Capital opposes the Receiver's request for delay (for the reasons set forth below).

Moreover, as the Receiver notes, Prime Capital has filed an appeal from the Receiver's appointment and has moved for a stay.  Prime Capital's brief in support of its stay motion is attached as Exhibit A.  Prime Capital has several strong arguments that the Receiver's appointment was unwarranted and contrary to the law.

With regard to the Receiver's request to delay, it is gamesmanship designed to delay Prime Capital's opportunity to seek redress for the bad-faith filing of the involuntary petition.  Indeed, Compass-Charlotte 1031, LLC ("<u>Compass</u>"), which has worked in lockstep with the Receiver, supports the Receiver's request because it redounds to Compass' benefit.  The petitioning creditors and the Receiver already asked the Court to delay the January 31, 2024 hearing date for the bond application, and the latest request to push back the relevant dates is further evidence of this strategy.  Prime Capital is particularly troubled because one of the petitioning creditors, 526 Murfreesboro, appears to be in financial difficulty and on the verge of bankruptcy.  On December 18, 2023, Dan Cosgrove of 526 Murfreesboro told Mr. Roglieri that he was "facing

Page 2                                                                                                          January 31, 2024

bankruptcy." (*See* Ex. B.)[1]  It stands to reason that the 526 Murfreesboro financial situation has not improved over the past six weeks.  Thus, Prime Capital must have a bond in place as soon as possible to protect itself, and it also needs to take discovery relating to its bad-faith claim right away so an evidentiary hearing can occur in the near term.

Finally, the Receiver once again mentions the pending motion to disqualify this firm in the District Court.  We will not debate the merits of that motion in this letter, but there has been no motion in this Court to disqualify Hogan Lovells US LLP from representing Prime Capital.  Such a motion would have even less merit than the one pending in the District Court, and the situation here is different from the one in the other action.  Therefore, even if this firm is disqualified in the District Court case, it will not have an effect on the representation of Prime Capital here.

We respectfully urge the Court to keep the current deadlines in place.

Respectfully submitted,

*/s/ Pieter Van Tol*

Pieter Van Tol
Partner
pieter.vantol@hoganlovells.com
D 1 212 909 0661

Enc.

---

[1] We have redacted non-relevant information from Mr. Cosgrove's text.