# Lemery Greisler LLC

Attorneys at Law

Paul A. Levine, Member

plevine@lemerygreisler.com
(518) 433-8800 ext. 313

February 1, 2024

**VIA ECF**

Hon. Robert E. Littlefield, Jr.
U.S. Bankruptcy Court Judge
U.S. Bankruptcy Court
Northern District of New York
445 Broadway
Albany, New York 12207

      **Re:**    **Prime Capital Ventures, LLC**
               **Case No. 23-11302/Chapter 7**

               **Compass-Charlotte 1031, LLC, v. Prime Capital Ventures, LLC,
  Berone Capital Fund, LP, Berone Capital Partner, LLC, Berone
  Capital LLC, Berone Capital Equity Fund I, LP, 405 Motorsports
  LLC f/k/a Berone Capital Equity Partners, LLC
Case No. 24-00055**

Dear Judge Littlefield:

     I am compelled to respond to the letter filed by Hogan Lovells opposing my suggestion that matters in this case be adjourned pending outcomes in District Court.

     Knowing that Judge D'Agostino has already rejected the argument, Hogan Lovells disputes that I have the ability as permanent receiver to direct the disposition of Prime Capital Ventures, LLC's ("Prime") legal claims. Earlier this week, I commenced a third party action on behalf of Prime against Kris Roglieri, Kimberly Humphreys and others. A copy of the third party complaint is enclosed as Exhibit "A" for the Court's reference. I sought by order to show cause a temporary restraining order directed towards millions of dollars in assets purchased by Mr. Roglieri with Prime's monies, assets in the nature of exotic automobiles, watches, a luxury

677 Broadway, 8th Floor
Albany, NY 12207
518.433.8800

www.LemeryGreisler.com

February 1, 2024
Page -2-

home and otherwise. Hogan Lovells submitted a letter to Judge D'Agostino arguing that I did not have authority to bring such claims. Exhibit "B." Putting aside the question of why Prime's attorney would oppose my efforts to protect Prime's, <u>its client's</u>, assets, Judge D'Agostino disagreed as evidenced by her signing and entering the order to show cause that I had requested. Exhibit "C."

Hogan Lovells points to the fact that it has filed a notice of appeal of Judge D'Agostino's Memorandum-Decision and Order making me the permanent receiver. If anything, that points to the need to let matters in District Court resolve prior to most matters in this Court proceeding.

As to the motion to disqualify the Hogan Lovells firm in District Court, it remains to be seen how that will be ruled upon. Despite its curious argument that the cases are different and do not present the same issues, it cannot seriously be suggested that the outcome of that motion will not bear on the firm's role in this case.

Hogan Lovells argues that I am allegedly working in "lockstep" with Compass, as if I should ignore compelling evidence of corporate malfeasance described in my third party complaint. Regardless, I am confident in how I am discharging my duties and refer the Court to the third party complaint as evidence of that effort.

Regarding the motion of 1800 Park Avenue LLC for clarification of the Court's dismissal order; seeking a ruling that it is able to pursue litigation relating to the disappearance of its $5,000,000 deposit, I do not oppose that request. However, I do advise the parties that it is my intent to seek a stay of all related litigation from the District Court and ask that attorneys for 1800 Park Avenue LLC put me on notice of any future court proceedings.

Thank you for the Court's kind attention.

Very truly yours,

LEMERY GREISLER LLC

Paul A. Levine

PAL:ph
cc:    All parties appearing via ECF
       Will Esser, Esq.

677 Broadway, 8th Floor
Albany, NY 12207
518.433.8800

www.LemeryGreisler.com