

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

March 26, 2024

**Via ECF**

Honorable Robert E. Littlefield, Jr.
United States Bankruptcy Court
Northern District of New York
445 Broadway, Suite 330
Albany, NY 12207

Re:    *In re Prime Capital Ventures, LLC*, Alleged Debtor, 23-11302

Dear Judge Littlefield:

On behalf of Alleged Debtor Prime Capital Ventures, LLC ("Prime Capital"), we write in response to the letter from the Receiver dated March 21, 2024 (the "March 21 Letter") in which he purports to withdraw Prime Capital's motion for a bond (the "Motion").

The Receiver cites the powers granted to him in the January 24, 2024 order (the "January 24 Order") by the United States District Court for the Northern District of New York (the "District Court"), but there are several issues with the Receiver's reliance on the January 24 Order.

*First*, as Prime Capital has pointed out on several occasions, the January 24 Order is far narrower than the January 12, 2024 order (the "January 12 Order") appointing the Receiver on an interim basis.  The January 12 Order states as follows:

> 2.     The Receiver's authority hereunder shall be, and hereby is, vested in and extended to (a) all of Defendants' real property, equitable property, tangible and intangible personal property, interest, or assets of any nature, wherever located *and (b) all claims, demands, or causes of action of any kind, character or description, regardless of the legal principle or theory upon which the same may be based, whether known or unknown, liquidated or unliquidated, disputed or undisputed, contingent or absolute, accrued or unaccrued, matured or un-matured, insured or uninsured, joint or several, determined or undetermined, determinable or otherwise*.

(Dist. Ct. Dkt. No. 8, 2-3; emphasis added.)  The January 24 Order, however, removed the italicized language that was in the January 12 Order:

> 2.     The Receiver's authority hereunder shall be, and hereby is, vested in and extended to all of Defendants' real property, equitable property, tangible and intangible personal property, interest, or assets of any nature, wherever located.

Page 2                                                                                           March 26, 2024

(Dist. Ct. Dkt. No. 56, 22.)  Thus, the District Court intentionally carved back on the Receiver's powers, and removed his ability to control the legal claims of Prime Capital.

*Second*, in the District Court action, Prime Capital has challenged the Receiver's authority to handle legal claims on Prime Capital's behalf.  The District Court, however, declined to decide Prime Capital's challenge at this time.  (*See* Ex. 1 to March 21 Letter, 46-47 n.11.)  The District Court stated that: "The Court emphasizes that Prime Capital has appealed the Court's appointment of the Receiver and notes that it likely will not decide any further motions concerning the Receiver and his authority until the Second Circuit issues a decision."  (*Id.*)

*Third*, Prime Capital has appealed from the January 24 Order, and filed its initial brief yesterday.  (*See Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC*, Case 24-264, Dkt. No. 26.1, https://ca2-showdoc.azurewebsites.us/24-264.)  Prime Capital anticipates that it will also be filing a motion with the Second Circuit imminently for a stay of the receivership pending appeal.

Under the circumstances, we respectfully request that the Court disregard the Receiver's premature and unsupported attempt to withdraw the Motion.

Respectfully submitted,

*/s/ Pieter Van Tol*

Pieter Van Tol
Partner
pieter.vantol@hoganlovells.com
D 1 212 909 0661